# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **PARKER LEE PENDRY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:10-0070** |
| ) | |
| **WILLIAM FOX, Warden,** ) | |
| **St. Marys Correctional Center,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On December 30, 2009, Petitioner, an inmate at St. Marys Correctional Center, and acting *pro se*, filed in the Northern District of West Virginia a "Notice of Intention of Defendant to File a Petition for Appeal" of his felony conviction in McDowell County Circuit Court, which was construed as a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus*. (Document No. 1.) By Order entered on January 2, 2010, the Northern District of West Virginia transferred the case to this Court. (Document No. 3.) On February 1, 2010, Petitioner filed his Application to Proceed without Prepayment of Fees or Costs and Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document Nos. 11 and 13.) Petitioner alleges the following grounds for *habeas* relief :

1. Ineffective assistance of counsel by McGinnis E. Hatfield, Jr., J. Franklin Long, and Kevin Wade;

2. Denial of right to speedy trial;

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

      3.      Falsification of a transcript by prosecutor; and

      4.      Double jeopardy.

(Document No. 11, pp. 7 - 20.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 9.)

## PROCEDURE AND FACTS

In 1983, the Grand Jury of McDowell County, West Virginia, returned a Two-Count Indictment against Petitioner, charging him with one count of Murder (Count One) and one count of Malicious Wounding (Count Two).[2] On July 26, 1985, Petitioner was convicted by a jury of Murder in the First Degree with a recommendation of mercy (Count One). (Document Nos. 12, p. 2 and 11.) By Order entered on August 1, 1985, the Circuit Court sentenced Petitioner to "imprisonment for a period of his natural life" as to Count One. (Id., p. 2.) On December 18, 1985, Petitioner was convicted by a jury of Malicious Wounding (Count Two). (Id., pp. 3 and 11.) On January 23, 1986, the Circuit Court sentenced Petitioner to "imprisonment for a period of no less than two nor more than ten years" as to Count Two. (Id., p. 3.) The Circuit Court further directed that Petitioner's sentence as to Count Two was to run consecutive to Count One. (Id.) Petitioner appealed his convictions to the West Virginia Supreme Court of Appeals. (Document No. 11, p. 2.) The West Virginia Supreme Court refused his appeal concerning Count One on April 29, 1986, and refused his appeal regarding Count Two on December 18, 1986. (Id.)

On May 21, 1986, Petitioner, by counsel, filed an Application for Writ of Mandamus in the

---

[2] Attached is a facsimile copy of the docket sheets involving *State v. Pendry*, Case No. 83-F-193, *Pendry v. Fox*, Case No. 07-C-341, and *Pendry v. Fox*, Case No. 07-C-360, which was obtained from the McDowell County Circuit Clerk's Office by the staff of the undersigned.

West Virginia Supreme Court. (Document No. 11, p. 5.) Petitioner requested that the Court "direct Honorable Rudolph J. Murensky and Jerry Hedrick, warden of the Moundsville State Penitentiary, to perform the following nondiscretionary duties: (1) To give Parker Pendry credit for time served in the McDowell County Jail awaiting trial on a malicious wounding charge, for which he is now serving an indeterminate sentence of not less than 2 nor more than 10 years; and (2) To correct his penitentiary commitment order to reflect the fact that he would be eligible for parole after having served a period of 15 years, pursuant to West Virginia Code § 62-12-13(a)(4)." (Document No. 12, p. 19.) The West Virginia Supreme Court denied Petitioner's request on June 4, 1986. (Document No. 11, p. 5.)

On March 28, 1991, Petitioner filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Marshall County. (Document No. 11, p. 6.) The Circuit Court of Marshal County conducted an evidentiary hearing on June 21, 1991. (Document No. 12, p. 4.) On July 9, 1991, the Circuit Court of Marshal County determined that Petitioner should be granted credit for time served on the Malicious Wounding sentence and transferred the case to the Circuit Court of McDowell County for the appropriate disposition. (Court's Exhibit 1.) On November 13, 1991, the Circuit Court of McDowell County recognized that Petitioner's sentencing order should be amended to reflect that Petitioner "be given credit for time served prior to disposition of the within case [Malicious Wounding conviction] beginning with his confinement in the county jail for a period on 10/11/83 and ending on 12/18/85." (Id.) On July 29, 1992, the Circuit Court of Marshall County reconsidered its July 9, 1991 Order. (Document No. 12, p. 7.) The Circuit Court of Marshall County explained that the reason for the reconsideration of the Order "is that this Court erroneously corrected Petitioner's sentencing Order in that this Court erroneously corrected Petitioner's sentencing Order

to reflect that he was serving (1) life with a recommendation of mercy; (2) a two (2) to ten (10) consecutive sentence for malicious wounding; and (3) a recidivist life sentence." (Document No. 12, p. 7.) Therefore, the Circuit Court of Marshall County ordered as follows (Document No. 12, p. 9.):[3]

> The Writ is awarded, as molded, and the Respondent shall correct Petitioner's confinement insofar as required herein to reflect Petitioner's sentence of (1) life with mercy as a result of his conviction July 26, 2985 for Murder in the First Degree and credit for time served from October 11, 1983 to August 1, 1985, or stated otherwise, the effect date of his sentence October 11, 1983; and (2) not less than two nor more

---

[3] The Circuit Court of Marshall County explained as follows (Document No. 12, pp. 7 - 9.):

> The Defendant was charged by the Grand Jurors of McDowell County at the November 1983 term with Murder (Count One) and Malicious Wounding (Count Two). The Defendant was convicted of Murder in the First Degree with a recommendation of mercy on July 26, 1985. The commitment order reflects that Petitioner's life sentence commence October 11, 1983 (his arrest date) and that he be given credit from time served (October 11, 1983, to August 1, 1985) (685 days). The commitment Order erroneously omitted "with mercy". This Court was concerned that there had been an abortive attempt to sentence under § 61-11-18, as hereinafter explained.
> The Court is of the opinion that since the Petitioner was sentenced to life in prison for First Degree Murder with no mention of a recidivist sentence, the sentence must be life with mercy as reflected in the jury verdict. If a recidivist hearing was held and the Petitioner was found to have twice been convicted under the provisions of W. Va. Code § 61-11-18, it does not appear in the commitment Order. The difference between "life with mercy" and "recidivist life" is largely academic. The difference is the parole eligibility date. The Parole board considers the prior felony even if the Circuit Court does not.
> Later, on December 18, 1985, the Defendant was convicted of Malicious Wondering and sentenced to not less than two nor more than ten years, the sentence to begin at the expiration of the life sentence. There is no problem with that sentence. The Petitioner is not entitled to credit for time served on this sentence as it is consecutive to the life sentence. The Court, in its July 9, 1991 Order, had erroneously given Petitioner credit for time served on the Malicious Wounding sentence. The credit should be applied to the murder conviction as the commitment Order reflects. The Petitioner does not receive credit for time served on the malicious wounding conviction as W. Va. Code § 28-5-27(e) limits credit for time served when an inmate is serving two or more consecutive sentences.

4

than ten years for his conviction of malicious wounding, to begin at the expiration of the sentence for Murder in the First Degree above.

On November 20, 2007, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. Pendry v. Fox, Case No. 07-C-341 (Cir. Ct. McDowell Co. Nov. 26, 2007); (Court's Exhibit 2.) By Order entered on November 26, 2007, the Circuit Court of McDowell County denied his Petition. (Id.)

On December 14, 2007, Petitioner, proceeding *pro se*, filed a further Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. Pendry v. Fox, Case No. 07-C-360 (Cir. Ct. McDowell Co. Sept. 16, 2008); (Court's Exhibit 3.) By Order entered on September 16, 2008, the Circuit Court of McDowell County denied his Petition. (Id.) Petitioner filed an appeal of the Circuit Court's denial to the West Virginia Supreme Court. (Id.) The West Virginia Supreme Court refused his appeal on November 25, 2009. (Id.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] If the

---

[4] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State

Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

The West Virginia Supreme Court refused Petitioner's appeal of his First Degree Murder conviction on April 29, 1986, and Petitioner's conviction became final 90 days later when he did not file a petition for writ of certiorari in the United States Supreme Court (July 30, 1986). The West Virginia Supreme Court refused Petitioner's appeal of his Malicious Wounding conviction on December 18, 1986, and Petitioner's conviction became final 90 days later when he did not file a petition for writ of certiorari in the United States Supreme Court (March 19, 1987). Thus, Petitioner's convictions became final prior to the enactment of AEDPA. The Fourth Circuit has held that, "in the case of a habeas challenge to a state conviction that became final prior to the enactment of AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition." Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001)(citing Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1988)). Accordingly, the one-

---

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

year period of limitation began to run on April 24, 1996, and would run unless and until Petitioner sought post-conviction relief in the State courts or it expired. If and when Petitioner sought *habeas* relief in the State courts within the one-year period after April 24, 1996, the running of the period of limitation would be tolled and begin running again when Petitioner's *habeas* proceedings were concluded. If Petitioner did not seek *habeas* relief in the State Courts within the one-year period after April 24, 1996, the period would expire and he would lose the opportunity to seek *habeas* relief in the Federal District Court on April 24, 1997.

In the instant case, it appears that Petitioner filed State *habeas* petitions in 1991 and 2007. Although Petitioner filed a *habeas* petition in the Circuit Court of Marshall County in 1991, Petitioner took no further action to file a *habeas* petition until November 20, 2007, when Petitioner filed a *habeas* petition with the Circuit Court of McDowell County. Therefore, the one-year limitation period expired on April 24, 1997, as Petitioner did not have a State *habeas* petition pending at any time between April 24, 1996, through April 24, 1997. Petitioner's Section 2254 Petition is therefore clearly untimely.

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Harris, 209 F.3d at 328-31. The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Id. at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control. Id.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to

> claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. It appears that Petitioner's untimeliness is a result of his misunderstanding of the statutory limitation period. This misunderstanding, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]he mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed nearly twelve years and eight months after the Section 2244(d) one-year period expired. The undersigned further notes that Petitioner's first State *habeas* Petition filed with the Circuit Court of McDowell County was filed approximately ten years and seven months after the Section 2244(d) limitation period expired. Accordingly, Petitioner's Section 2254 Petition must be denied as untimely.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 13.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State

Custody (Document Nos. 1 and 11.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Dated: August 11, 2010.

*R. Clarke VanDervort*
R. Clarke VanDervort
United States Magistrate Judge