IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**PARKER LEE PENDRY,**

    Petitioner,

v.                                      CIVIL ACTION NO. 1:10-cv-00070

**WILLIAM FOX, Warden,**
St. Mary's Correctional Center,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Parker Lee Pendry's ("Pendry") Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254[1] (Doc. # 1), as well as his Application to Proceed in Forma Pauperis (Doc. # 13).

### I. Factual and Procedural Background

Pendry is currently serving a life-sentence after being convicted of first degree murder and malicious wounding. He was sentenced by the Circuit Court of McDowell County, West Virginia, in 1985, and appealed his convictions to the West Virginia Supreme Court of Appeals, which refused to hear Pendry's appeal. Pendry then filed a Writ of Habeas Corpus in the Circuit Court of

---

[1] Pendry entitled his original submission to the court a "Notice of Intention of Defendant to File a Petition for Appeal," related to his state felony convictions in the Circuit Court of McDowell County, West Virginia. Construing Pendry's notice liberally, the Magistrate Judge re-characterized it as a § 2254 petition for habeas corpus relief. See Proposed Findings and Recommendation (Doc. # 16), p. 1.

McDowell County, which the Circuit Court denied in November 2007. Pendry appealed the Circuit Court's decision denying his petition for state habeas corpus relief, but the West Virginia Supreme Court of Appeals once again declined to hear Pendry's appeal. Pendry then filed the instant federal habeas corpus petition on December 30, 2009, alleging: (a) ineffective assistance of counsel; (b) denial of the right to a speedy trial; (c) falsification of a transcript by a prosecutor; (d) and double jeopardy violations.

By Standing Order entered on June 19, 2003, this case was referred to United States Magistrate Judge R. Clarke VanDervort for proposed findings and recommendation as to disposition.

On August 11, 2010, Magistrate Judge VanDervort filed his Proposed Findings and Recommendation as to Pendry's application to proceed without prepayment of costs or fees.  Magistrate Judge VanDervort proposed that the district court (a) deny Pendry's application to proceed without prepayment of costs or fees,  and (b) dismiss Pendry's §2254 petition as untimely.  Magistrate Judge VanDervort reasoned that since Pendry's convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Pendry's instant petition was subject to the one year grace period recognized by the Fourth Circuit Court of Appeals, which ran from April 24, 1996, AEDPA's effective date, until April 24, 1997.  As Pendry had no pending

state habeas petition to toll the running of the one year period, and as he filed the instant petition on December 30, 2009, Magistrate Judge VanDervort concluded that Pendry's petition for federal habeas relief was clearly untimely. See Proposed Findings and Recommendation, pp. 6-7. Magistrate Judge VanDervort also considered whether to grant Pendry equitable tolling, but found nothing in the record to suggest that either the respondent prevented Pendry from filing a timely federal habeas petition, or that extraordinary circumstances existed to justify Pendry's delay. See Proposed Findings and Recommendation, pp. 7-8. In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.

After the court granted Pendry an extension of time to file his objections, Pendry filed timely objections to the Magistrate Judge's Proposed Findings and Recommendation. See Docs. # 20 & 22. This court has considered all of Pendry's objections to determine which portions of Magistrate Judge VanDervort's Proposed Findings and Recommendation required a de novo review by the court. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## **II. Petitioner's Objections**

"[T]his Court need not conduct a de novo review when a party 'makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.'" Ashworth v. Berkebile, No. 5:09-cv-01106, 2010 U.S. Dist. LEXIS 138413, at *6-7 (S.D.W. Va. Dec. 27, 2010) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).  Additionally, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano, 687 F.2d, at *8.

The majority of petitioner's "objections" are merely restatements of his grounds for seeking habeas corpus relief.  As such, they are not actually objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation which relates only to the timeliness of Pendry's petition under AEDPA.  See Hinton v. Fed. Bureau of Prisons, No. 5:08-cv-01012, 2009 U.S. Dist. LEXIS 95709, at *4 (S.D.W. Va. Oct. 14, 2009) ("This objection [...] only reiterates statements Plaintiff made in his complaint. Thus, this is the type of vague and conclusory objection contemplated by Orpiano that does not merit review by this Court.").

The only part of Pendry's objections having any relevance to Magistrate Judge VanDervort's Proposed Findings and

4

Recommendation is Pendry's citation to case law governing the use of equitable tolling, as it relates to AEDPA.  Even here, however, Pendry makes no argument as to why equitable tolling ought to apply to his situation.  Instead, Pendry only cites passages from case law discussing the doctrine of equitable tolling.  Pendry notes the two situations in which courts have traditionally applied equitable tolling to time-barred claims under AEDPA, and even quotes language emphasizing that equitable tolling ought to be used sparingly so as not to undermine the purposes of AEDPA's statute of limitations scheme.  See Objections, pp. 6-7.  At no time does Pendry demonstrate why Magistrate Judge VanDervort's recommendation as to his petition is inconsistent with the law that Pendry cites.  Since Pendry's objections are merely restatements of case law and do not demonstrate how or why Magistrate Judge VanDervort's analysis is in any way flawed, the court has no true objections before it to address.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

### III. Conclusion

For the reasons stated above, the court **CONFIRMS** and **ACCEPTS** Magistrate Judge VanDervort's proposed findings and recommendation and accordingly **DENIES** Petitioner's application to proceed without prepayment of costs or fees. Further, the court **DISMISSES** Mr. Pendry's Petition for Writ of Habeas Corpus by a Person in State Custody, and **DIRECTS** the Clerk to remove this matter from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Petitioner, pro se, and all counsel of record.

It is **SO ORDERED** this 19th day of August, 2011.

                          **ENTER:**

                          David A. Faber
                          Senior United States District Judge